DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DOVAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00005 |
| | ) |
| GARY DAVIS, CAROL MERTENS, and | ) |
| RICHARD JOHNSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Wilnick Dorval's ("Dorval") motion to proceed *in forma pauperis*. (ECF No. 2.) For the reasons outlined below, the Court will deny Dorval's motion and order Dorval to pay a filing fee within 21 days, failing which, the Court will dismiss this action.

Under 28 U.S.C. § 1915 the district court must evaluate "a litigant's financial status and determine[] whether [he] is eligible to proceed *in forma pauperis* under § 1915(a)." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). In determining a plaintiff's eligibility to proceed under 28 U.S.C. § 1915(a), the court should consider whether the plaintiff is employed, his annual salary, and any property or assets that he may possess. *Wexler v. Bell Atl.*, Civ. A. No. 99-4816, 1999 U.S. Dist. LEXIS 16140, at *1-2 (E.D. Pa. Oct. 16, 1999). Here, Dorval has submitted an affidavit declaring that he is unemployed, has no salary, and that he possesses no cash or other assets. (ECF No. 2.) As such, Dorval appears to qualify financially for *in forma pauperis* status.

Nevertheless, the Third Circuit has recognized that "'extreme circumstances' might justify denying an otherwise qualified affiant leave to proceed *in forma pauperis*." *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). While the court in *Deutsch* did not delineate what constitutes "extreme circumstances," it cited the case of *In re Sindram*, 498 U.S. 177 (1991), in which the Supreme Court stated that "the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system." *Id.* (quoting

*Sindram*, 498 U.S. at 180). This is the tenth lawsuit filed by Dorval in this district since 2016 alleging similar claims of discrimination, conspiracy, harassment, and private nuisance under federal civil rights law and Virgin Islands law. *See e.g., Dorval v. Sapphire Vill. Condo. Owners Ass'n*, 838 F. App'x 8 (3d Cir. 2020) (discussing five prior lawsuits). In each instance, Dorval's claims were determined to be without merit and, when appealed, those determinations were affirmed by the Third Circuit Court of Appeals. *See id.*; *Dorval v. KAC 357, Inc.*, 831 F. App'x 58 (3d Cir. 2020); *Dorval v. Moe's Fresh Mkt.*, 694 F. App'x 92 (3d Cir. 2017). Significant time and resources have been spent on Dorval's claims all of which were meritless and some of which were fantastical. *See, e.g., Dorval v. Sessions*, Case No. 3:17-cv-37, 2018 U.S. Dist. LEXIS 81286 (D.V.I. May 15, 2018). Dorval has "abused the system." The instant Complaint is yet another example of Dorval's abuse. *See Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (finding that the district court did not err in denying *in forma pauperis* status where the plaintiff had "repeatedly and unsuccessfully filed lawsuits claiming violations of the Americans with Disabilities Act and other civil rights violations, and his lawsuits ha[d] required the expenditure of significant judicial resources"). Accordingly, the Court concludes that Dorval is not entitled to proceed *in forma pauperis* in this matter.

The premises considered, it is hereby

**ORDERED** that Dorval's request to proceed in forma pauperis, ECF No. 2, is **DENIED**; it is further

**ORDERED** that, to the extent Dorval wishes to proceed with this action, he shall pay the appropriate fees for instituting a new civil action **no later than twenty-one (21) days after the date of this Order**; and it is further

**ORDERED** that a failure to pay the appropriate fees will result in dismissal of this action.

**Dated:** August 11, 2021                          /s/ *Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**